**Louis VEGA, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 04–93–00701–CR.**

Court of Appeals of Texas,
San Antonio.

March 29, 1995.

Rehearing Denied April 20, 1995.

Timothy Walker, San Antonio and David A. Schulman, Schulman & Krug, Austin, for appellant.

Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Before CHAPA, C.J., and HARDBERGER and STONE, JJ.

## OPINION

HARDBERGER, Justice.

The primary issue in this case is whether the trial court abused its discretion in refusing to grant the defendant a continuance on the third day of trial. Appellant, Louis Vega, was found guilty by a jury of the offense of first degree murder and sentenced to seventy (70) years in the penitentiary. Vega appeals. We affirm his conviction.

Vega was a member of a gang called the Cross Boys. The deceased, Jeremiah Garcia, was a member of a gang called the Locos. There was "bad blood" between the two gangs. Apparently, Vega and some other members of his gang encountered Garcia and members of the Locos. A dispute erupted and appellant drew a .25 calibre pistol and shot Garcia in the head killing him.

### Motion for Continuance

In his first point of error, Vega contends that the trial court erred in refusing to grant his oral motion for continuance. On the third day of trial the State offered the "firearms examination report" which revealed gun shot residue on the left hand palm of the deceased. This was the first time that Vega's counsel had seen the report. At that point counsel for Vega made an oral motion for continuance. Vega wanted time to subpoena Juan Rojas, the Department of Public Safety employee who performed the test. Vega also wished to have time to consult with

an expert. The trial court denied the motion for continuance.

■ Motions for continuance are addressed to the court's discretion and will not be reversed on appeal unless it is shown that the court abused its discretion. TEX.CODE CRIM.P.ANN. art. 29.06 (Vernon 1989); *Coleman v. State*, 481 S.W.2d 872, 873 (Tex.Crim. App.1972). Motions for continuance must be in writing. TEX.CODE CRIM.P.ANN. art. 29.03 (Vernon 1989). It is not an abuse of discretion to deny an oral motion for continuance. *Hightower v. State*, 629 S.W.2d 920, 926 (Tex. Crim.App.1981); *Gonzalez v. State*, 470 S.W.2d 700, 701 (Tex.Crim.App.1971). Vega's motion for continuance was oral. Therefore, the trial court did not abuse its discretion in denying his motion.

■ Vega's motion for continuance was deficient for another reason. Vega asked for a continuance after the trial had begun. This situation is expressly covered in the code of criminal procedure.

**Art. 29.13. Continuance after trial is begun**

A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

TEX.CODE CRIM.P.ANN. art 29.13 (Vernon 1989). The reason given by Vega for his continuance is that during the trial he discovered the existence of the handwashing report. However, the record shows that Vega's counsel knew from the autopsy report that handwashing samples had been taken from the deceased. The record also reveals that counsel was aware of the State's "open file" policy. Vega's trial counsel admits that he never checked the file to see if the handwashing report was there. The handwashing report was in the State's file prior to trial. Vega has failed to meet his burden by showing that even with reasonable diligence he could not have anticipated the occurrence at trial (discovery of the handwashing report)

that caused him to move for a continuance. *See* TEX.CODE CRIM.P.ANN. art. 29.13 (Vernon 1989).

■ Vega, relying on *O'Rarden v. State*, 777 S.W.2d 455 (Tex.App.—Dallas 1989), argues that this was not a statutory motion for continuance with all of the associated restrictions. In *O'Rarden*, the court held that an oral motion for continuance made during trial was not a statutory motion for continuance but was a motion addressed to the equitable powers of the court. *Id.* at 459. An equitable motion for continuance is reviewable for an abuse of discretion. *Darty v. State*, 149 Tex.Crim. 256, 193 S.W.2d 195, 195 (1946); *Daigle v. State*, 658 S.W.2d 774, 775 (Tex. App.—Beaumont 1983, no pet.). In *O'Rarden*, the court held that it was an abuse of discretion for the trial court to deny the defendant's oral motion for continuance made during trial after the defendant discovered on the first day of trial that the State possessed exculpatory evidence which it failed to disclose prior to trial. The present case is distinguishable from *O'Rarden* because here the potentially exculpable evidence was placed in the State's file some time prior to trial and the State had an "open file" policy.

■ Vega contends that establishment of an "open file" policy by the district attorney's office does not satisfy the State's burden under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Vega argues that the State has an affirmative duty of bringing the existence of potentially exculpatory evidence to his attention, in addition to placing the evidence in an "open file" some time before trial.

■ The suppression by the prosecution of evidence favorable to an accused violates the Fourteenth Amendment due process clause if the evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. at 87, 83 S.Ct. at 1196–97. Evidence is "material" only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Harris v. State*, 827 S.W.2d 949, 958 (Tex.Crim.App.), *cert. de-*

*nied,* —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3375; *Harris,* 827 S.W.2d at 948.

It is undisputed that *Brady v. Maryland* prohibits the prosecution from suppressing evidence favorable to the defendant. However, Vega does not contend that the State suppressed the handwashing report. Instead, he argues that placing the report in an "open file" is insufficient to meet the State's *Brady v. Maryland* duty. According to Vega, the State had a duty to take some steps in addition to placing the report in an "open file" to call his attention to the report. While we agree that the State could behave in such a fashion even with an "open file" policy that there would be a violation of *Brady v. Maryland,* that is not the case here. In this case, Vega's counsel knew that handwashing specimens had been taken and thus could reasonably expect that a report would be forthcoming. There is no evidence that the State attempted to hide the report from Vega. The undisputed evidence is that the report was placed in the State's file and that there was an "open file" policy. In the present case, the defendant has his own obligations to either get the report which has been made available or file a timely motion for continuance. The trial court did not abuse its discretion in denying Vega's motion for continuance. We overrule point of error one.

### Exclusion of Testimony

▆ Vega alleges in his second point that the trial court erred in refusing to admit the testimony of Refugio Maruz concerning an incident between Vega and the Locos gang which was relevant to Vega's state of mind at the time of the shooting. TEX.PENAL CODE ANN. § 19.06 (Vernon 1989). Vega offered the testimony of Refugio Maruz in a bill of exception. The State objected to the testimony on the ground that it was irrelevant and the trial court sustained the objection. Maruz's testimony described an attack by the Locos on Vega and the Cross Boys which occurred prior to the incident in question.

Specifically, Maruz described how the Locos wanted Vega to come outside a building on Magnolia Street. When he refused they stormed into the building to get Vega. Once inside a fight broke out between the rival gangs. At one point during the altercation one of the Locos pointed a gun at Vega. This attack was offered to show the relationship which existed between Vega and the deceased and how this incident affected Vega's state of mind at the time of the event giving rise to the instant prosecution.

Texas Penal Code Section 19.06(a) provides that:

> In all prosecutions for murder and voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship between the accused and the deceased, *together with all relevant facts and circumstances going to show the condition of mind of the accused at the time of offense.* (emphasis added).

The State responds that the trial judge correctly refused to permit the testimony of Maruz because the deceased, Jeremiah Garcia, was not involved in the incident Maruz related. According to the State, the only past experience contemplated by section 19.06 to be probative of the accused's state of mind at the time of the killing, is that which involves the defendant's direct experience with the deceased. We do not agree that § 19.06(a) is that narrow.

▆ Evidence must be relevant to a contested fact or issue to be admissible. *Werner v. State,* 711 S.W.2d 639, 643 (Tex. Crim.App.1986); *Stone v. State,* 574 S.W.2d 85, 89 (Tex.Crim.App.1978). Whether evidence is admissible is within the sound discretion of the trial judge. *Jackson v. State,* 575 S.W.2d 567 (Tex.Crim.App.1979); *Albrecht v. State,* 486 S.W.2d 97, 99 (Tex.Crim. App.1972). That determination is reviewed on an abuse of discretion standard. *Werner,* 711 S.W.2d at 643; *Williams v. State,* 535 S.W.2d 637, 640 (Tex.Crim.App.1976). Section 19.06 does not change or alter the general rules of evidence. *Werner,* 711 S.W.2d at 644.

The key word in section 19.06 is "relevant." We think that evidence of "bad blood" between Vega's gang and the decedent's gang is relevant to Vega's state of mind at the time of the offense. The incident in question, although Maruz could not testify that Garcia was present, involved his gang. Given the facts of this case, especially the history of previous confrontation between the two gangs, the incident in question is clearly relevant to Vega's state of mind. We find that it was error for the trial court to exclude this evidence on the basis of relevance.

■ We must next determine whether the trial court's refusal to admit the evidence constitutes reversible error. TEX.R.APP.P. 81(b)(2). When applying the harmless error rule, a court should not focus on the propriety of the outcome of the trial, but should be concerned with the integrity of the process leading to the conviction. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989); *Navarro v. State,* 863 S.W.2d 191, 198 (Tex. App.—Austin 1993). The factors which we must consider include: the source of the error; the nature of the error; whether and to what extent the error was emphasized by the State; the collateral implications of the error; how much weight a juror would probably place upon the error; and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.*

The record in this case is replete with testimony concerning the ill-feelings between Vega and Garcia and their two gangs. The jury heard testimony from Vega about the same incident at Magnolia Street that Maruz attempted to testify about. The jury heard that Garcia and members of his gang busted down a door at the building on Magnolia Street and rushed in and attempted to drag Vega outside. The jury also heard that a fight ensued and that a gun was pointed at Vega. In addition, the jury heard about other incidents between the two gangs in general and Vega and Garcia in particular. Under the circumstances the admission of Maruz's testimony would have been cumulative of other testimony in the record. Furthermore, the gang aspect of the case was fully discussed by both sides during closing arguments. We are satisfied that the error

before us was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). Point of error two is overruled.

The judgment is affirmed.