Kerry Dewayne Jones v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-096-CR

     KERRY DEWAYNE JONES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court No. 1
Dallas County, Texas
Trial Court # F96-45901-PH
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Jones appeals his conviction for possession of cocaine (4 grams or more but less
than 200 grams), enhanced by one prior felony conviction, for which he was sentenced to 10 years
in the Texas Department of Criminal Justice–Institutional Division and fined $1,000.
      Officers Terry and Sommers were on patrol in Dallas on April 30, 1996. Around 9:30 p.m.
they received a dispatch that drug deals were occurring at 2215 Inca. The officers drove to the
location and as they drove up, Officer Terry saw Appellant drop a foil package. Appellant was
detained by the officer. The package contained 5.2 grams of cocaine.
      Appellant was indicted for possession of 4 grams, or more but less than 200 grams, of
cocaine, enhanced by one prior felony conviction. At trial the State proved that Appellant had
four prior felony convictions. A jury found Appellant guilty and assessed punishment at 10 years
in prison and a $1,000 fine.
      Appellant appeals on one point of error: "The trial court erred in overruling Appellant's
motion for continuance on the date of trial based upon Appellant's right to counsel of his choice."
      On December 3, 1996, the day of trial, Appellant asserts that he made an oral motion for
continuance. Appellant's appointed counsel, Mr. Brauchle, stated to the court that Appellant had
two weeks prior retained attorney Julie Jones to be his attorney and Ms. Jones had been paid by
Appellant's girlfriend. 
      BRAUCHLE:    I have hearsay information that Ms. Jones came down here today in
response to the summoning of the coordinator and that she did acknowledge
that she had been paid money.
 
      COURT:     Well, Mr. Brauchle, Ms. Jones is not here and I show on the record that you
were appointed by the court on the 26th of September 1996 to represent Mr.
Jones.
 
      BRAUCHLE:    I think that the State Bar rules would not consider me the attorney of
record.
 
      COURT:     Well, the record shows that you are and I’m going ahead and call the case and
I’ll ask you to have a seat please, and we’ll just go ahead and begin with the
selection of the jury.

      The court then called the case and the State announced ready.
 
      BRAUCHLE:    We have made our announcement previously [which was ‘Defendant not
ready.’].

      Appellant contends the foregoing constitutes an oral motion for continuance and that the trial
court erred in not continuing the case so that he could be represented by counsel of his choice.
      All motions for continuance must be in writing and sworn to. Tex. Code Crim. Proc. art.
29.03. The granting or denial of a motion for continuance lies within the trial court’s discretion. 
Ewing v. State, 549 S.W.2d 892, 894 (Tex. Crim. App. 1997); O’Neal v. State, 623 S.W.2d
6660, 661 (Tex. Crim. App. 1981).
      Motions for continuance are addressed to the court’s discretion and will not be reversed unless
it is shown that the court abused its discretion. Tex. Code Crim. Proc. art. 29.06; Coleman v.
State, 481 S.W.2d 872, 873 (Tex. Crim. App. 1972).
      It is not an abuse of discretion to deny an oral motion for continuance. Hightower v. State,
629 S.W.2d 920, 926 (Tex. Crim. App. 1981); Vega V. State, 898 S.W.2d 359, 361 (Tex.
App.—San Antonio 1995, pet ref’d). 
      Assuming that Appellant made an oral motion for continuance, the trial court did not abuse
its discretion in denying same and proceeding with the trial of the case.
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 17, 1998
Do not publish



t is missing is a specific averment or
request that the will be set aside on these grounds. If that averment can be supplied, then no
confusion of the pleader's intendment would exist. We can supply the missing averment by
inference because it is clearly implied by what is alleged. See id.; Webb County v. Board of
School Trustees, 95 Tex. 131, 65 S.W. 878, 879 (1901). 
      Construing the pleading as including a will contest harmonizes with the specific allegation that
heirs at law are determined at the time a will is set aside, with requests for a constructive trust and
equitable lien on the estate's assets, and with the prayer that the court order Evans to convey the
estate's assets to Jody as Stodder's sole heir at law. A constructive trust on and conveyance of
specific assets would be possible and necessary only if she were entitled to possession, and she
would have no right of possession unless the will were first set aside through a will contest. In
fact, the defendants asserted in their motion for a summary judgment that her request for
possession of the estate's assets is equivalent to requesting that the will be set aside. Moreover,
Jody's aborted attempt to file the pleading in the county court is consistent with the filing of a will
contest. See Parr v. Pichinson, 370 S.W.2d 941, 944 (Tex. Civ. App.—San Antonio 1963, writ
ref'd) (holding that the construction the parties placed on the pleading through their actions will
control).
      Based on this construction, the district court lacked jurisdiction to adjudicate the will contest
because the pleading was not filed in the county court and the county court never transferred the
original probate proceeding to the district court. See Crawford, 797 S.W.2d at 186. Therefore,
the summary judgment is void to the extent it purports to decide the will contest on the merits. 
See State v. Olsen, 360 S.W.2d 398, 399 (Tex. 1962). Under the circumstances, the only order
the district court could enter was to dismiss the will contest for want of jurisdiction, which would
leave the remaining causes of action pending in the district court. See City of Beaumont v. West,
484 S.W.2d 789, 791 (Tex. Civ. App.—Beaumont 1972, writ ref'd n.r.e.). Accordingly, we
sever the will contest from all other causes of action and reverse the summary judgment to the
extent it purports to determine the merits of the will contest. The trial court is directed to dismiss
the will contest for want of jurisdiction. See Tex. R. App. P. 80(c). We reverse the summary
judgment to the extent it purports to determine the merits of the remaining causes of action and
remand those causes for a trial. See id. at 80(b).
                                                             BOB L. THOMAS
                                                             Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Judgment partially reversed with instructions
and partially reversed and remanded
Opinion delivered and filed March 17, 1993
Publish
(WITHDRAWN 8-4-93)