NO. 07-02-0365-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 12, 2002


______________________________



ROBERT SCHEIDT
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY; COUNTY;



NO. 2002-1134-L; HON. JAMES ANDERSON, PRESIDING


_______________________________


 

ABATEMENT AND REMAND

_______________________________


Before QUINN and JOHNSON, J.J., and BOYD, SJ. (1)

 Appellant Robert Scheidt has filed a pro se notice of appeal from a criminal
misdemeanor conviction in Municipal Court of two traffic violations. He previously filed
notices of appeal from his conviction in both the Randall County Court at Law and the
Potter County Court at Law, and both of those courts dismissed his appeals for want of
jurisdiction. There is only one notice of appeal from those two separate decisions, and
appellant appears to be using that one notice to appeal the separate decisions. Thus, we
sever those appeals into separate causes of action. Trial cause number 99,705 from the
Potter County Court at Law will be assigned appellate cause number 07-02-0364-CR. 
Trial cause number 2002-1134-L from the Randall County Court at Law will be assigned
appellate cause number 07-02-0365-CR.

 Next, appellant filed what he labeled an appellate brief along with his notice of
appeal. This was done before the appellate record was filed. Moreover, the document
fails to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. See Tex. R.
App. P. 38.1. We therefore strike the brief without prejudice to appellant's right to file
another one in accordance with the Rules after the record has been received by this court. 

 Additionally, as noted, we currently have no record before us. Appellant has
alleged that he has had difficulty in obtaining a complete record. If he is a pauper and
unable to pay the fees and costs associated with an appeal, he would be entitled to an
appellate record free of cost. Accordingly, we abate this appeal and remand the cause to
the County Court for Randall County (trial court) for further proceedings. Upon remand,
the trial court shall immediately cause notice of a hearing to be given and, thereafter,
conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent; 

 3. whether appellant is entitled to a free appellate record; and

 4. whether any orders are necessary to ensure the timely preparation 

 and filing of a record.


So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing
issues, 2) cause to be developed a supplemental clerk's record containing the findings of
fact and conclusions of law and all orders it may issue as a result of its hearing on this
matter, and 3) cause to be developed a reporter's record transcribing the evidence and
arguments presented at the aforementioned hearing. Additionally, the court shall then file
the supplemental records with the clerk of this court on or before October 14, 2002. 
Should further time be needed by the trial court to perform these tasks, then same must
be requested before October 14, 2002.

 It is so ordered.


 Per Curiam

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1)(Vernon Supp. 2002).


e="line-height: 0.207421in"> 
NO. B16346-0515; HONORABLE ED SELF, JUDGE
 
_______________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
           Following an open plea of guilty, Appellant, Miriam Jennette Granados, was
convicted of driving while intoxicated. Punishment was assessed at 180 days confinement
and a $2,000 fine. Presenting three issues, Appellant maintains (1) she was denied
effective assistance of counsel during the plea bargaining stage; (2) the trial court abused
its discretion in denying her motion for new trial; and (3) she was denied effective
assistance of counsel when trial counsel failed to file a proper motion for continuance after
discovering damaging evidence on the eve of trial. We affirm.
Background Facts
           The undisputed facts are that in the early morning hours of August 6, 2005, Appellant
was driving northbound in the southbound lanes of Interstate 27 in Hale County. Abernathy
Police Officer Richard Mendez observed Appellant’s vehicle weaving and almost collide with
an oncoming vehicle as Appellant was coming out of a curve. He followed Appellant with
his patrol car lights activated; however, Appellant did not stop until he also activated his
siren. The video camera in Officer Mendez’s patrol car recorded the event (Mendez
videotape). 
           Department of Public Safety Trooper Benito Gonzalez was dispatched to the scene. 
He arrived as Appellant was performing field sobriety tests. Appellant was arrested on
suspicion of driving while intoxicated and driven to the Abernathy Police Department to use
the restroom. Afterwards, Trooper Gonzalez took custody of Appellant and transported her
to the Hale County Sheriff’s Office. The video camera in the trooper’s car generated a
second videotape of Appellant while she was in Trooper Gonzalez’s custody (Gonzalez
videotape). This Gonzalez videotape is at the root of Appellant’s contentions.



 
Procedural History
           According to trial counsel’s testimony during the hearing on Appellant’s motion for
new trial,


 Appellant initially agreed to plead guilty in exchange for probation. However, on
August 14, 2006, following at least two previous trial settings which had been continued to
accommodate Appellant’s college schedule, she rejected the State’s plea bargain offer. 
Trial counsel further testified that he explained to Appellant the court’s policy that upon
rejection of a plea bargain, a case would be set for trial without further opportunity for plea
negotiations. 
           Prior to commencement of trial on September 25, 2006, the trial court heard
arguments outside the jury’s presence to resolve a dispute as to the Gonzalez videotape. 
Trial counsel claimed he had no knowledge of the Gonzalez videotape until it was given to
him on the Friday before the Monday trial date. Trial counsel objected to its admission and
also moved for continuance. He described the Gonzalez videotape as containing damaging
statements. The trial court granted a recess for the State’s prosecutor to determine when
his office sent the Gonzalez videotape to trial counsel.
           According to a discovery order, the State was required to disclose all recordings of
Appellant to the defense by March 20, 2006. The trial court had ordered that certain
portions of the Mendez videotape be redacted. Counsel assumed that the videotape he
received on the Friday before trial was a redacted copy of the Mendez videotape. The
prosecutor questioned his secretary and investigator on the subject, and both denied having
sent any videotape to trial counsel on the Friday before trial. According to notations in the
State’s file, all discovery had been forwarded to trial counsel on “9-12-05.” Therefore, the
State’s position was that trial counsel had both videotapes in his possession since
September 2005. Trial counsel responded, “I’ve never seen that tape until Friday.” The trial
court resolved the dispute in favor of the State and found that trial counsel incorrectly
assumed the Gonzalez videotape was a redacted version of the Mendez videotape. 
Counsel’s objection and motion for continuance were both overruled. 
           As a result of the Gonzalez videotape being available for presentation to the jury,
upon counsel’s advice, Appellant entered a guilty plea without an agreed recommendation
as to punishment. The issue of punishment was then submitted to the jury. With the
assistance of new counsel, Appellant filed a motion for new trial alleging ineffective
assistance of trial counsel. After a hearing on the motion, at which Appellant, Appellant’s
trial counsel, and Appellant’s father testified, the trial court denied the motion. 
Ineffective Assistance of Counsel
Issues One and Three
 
           Appellant maintains by her first issue that she was denied effective assistance of
counsel during the plea bargaining stage. By her third issue, she maintains counsel was
ineffective in failing to file a proper motion for continuance after discovering damaging
evidence on the eve of trial. We disagree.
           A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel’s performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but for
counsel’s deficient performance, the result of the proceeding would have been different, a
reasonable probability being a probability sufficient to undermine confidence in the outcome. 
Ex parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007); Rylander v. State, 101 S.W.3d
107, 110 (Tex.Crim.App. 2003). In other words, a defendant must demonstrate by a
preponderance of the evidence that the deficient performance prejudiced his defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d
808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Thompson, 9 S.W.3d
at 814, citing Strickland, 466 U.S. at 700.
           The adequacy of defense counsel’s assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Thompson, 9
S.W.3d at 814. Although the constitutional right to counsel ensures the right to reasonably
effective counsel, it does not guarantee errorless counsel whose competency or accuracy
of representation is to be judged by hindsight. Robertson v. State, 187 S.W.3d 475, 483
(Tex.Crim.App. 2006). Appellate review of trial counsel’s representation is highly
deferential and presumes that counsel’s conduct fell within the wide range of reasonable
and professional representation. See Andrews v. State, 159 S.W.3d 98, 101
(Tex.Crim.App. 2005). See also Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).
            I. Plea bargaining stage
           According to trial counsel’s testimony at the hearing on Appellant’s motion for new
trial, Appellant’s file reflected that he had conveyed, and she had accepted, the State’s
plea bargain offer of probation prior to the August 14, 2006 hearing. Appellant, however,
testified she had never agreed to plead guilty. In hindsight though, she claimed she would
have accepted the State’s probation offer had she known of the existence of the Gonzalez
videotape. She also testified that she was unaware she could get jailtime until she was
admonished by the trial court on the range of punishment. She continued that upon
discovery of the Gonzalez videotape, counsel advised her that the only way to keep the
videotape from being shown and stay out of jail was to plead guilty. 
           Appellant’s father, who hired counsel and was present at all meetings, testified in
support of Appellant’s position that counsel never advised her she could get jailtime. He
also claimed that upon discovery of the Gonzalez videotape, counsel advised Appellant
that a guilty plea would keep the videotape from being shown and keep her out of jail. 
           Counsel testified that he was unaware of the Gonzalez videotape until he viewed
it the weekend before trial. He was unable to inform Appellant of its existence until the
morning of trial. He testified that upon reviewing the tape, he considered it a better
strategy for Appellant’s accountability to change her plea to guilty. His testimony also
established that even prior to discovery of the Gonzalez videotape, his representation to
Appellant was that an attorney does not make guarantees, but he believed her case was
suitable for probation and he “didn’t feel” she would get jailtime. Counsel further testified
that he had advised Appellant on the range of punishment and recommended she accept
the State’s plea bargain offer of probation. His file reflected that Appellant agreed to plead
guilty until the August 14 hearing where she withdrew her guilty plea. 
           Appellant claims that counsel’s failure to discover the Gonzalez videotape sooner
constitutes ineffective assistance of counsel because she would have accepted the State’s
offer of probation had she known all the facts. She places great reliance on Johnson v.
State, 172 S.W.3d 6 (Tex.App.–Austin 2005, pet. ref’d). In Johnson, trial counsel’s
performance was found deficient in failing to discover and object to the introduction of an
audiotape containing statements made by the defendant and recorded by a responding
officer at the time of the defendant’s arrest for assault on a public servant. Id. at 19-20. 
Trial counsel did not become aware of the audiotape until the trial commenced and was
allowed only a lunch-hour recess to review the forty-two minute tape. Id. at 17. Trial
counsel listened to the audiotape with the prosecutor and they agreed to a “slight
redaction” that met any objection counsel might have had. 
           Trial counsel ignored the defendant’s request to hear the tape and did not object to
its introduction as redacted. The defendant testified at the motion for new trial hearing that
she first heard the audiotape when it was played in court and realized it was incomplete. 
Additionally, the tape contained direct admissions on the central issue of the case, to-wit:
the defendant admitted hitting police officers. Id. at 18. Trial counsel, however, testified
that he relied on the audiotape to show that the defendant’s statements were made in
response to the use of force by police officers. Id. Counsel testified that he could not
recall his redaction strategy. In finding that there could be no strategic reason for counsel’s
performance, the court concluded that counsel’s deficient conduct prejudiced the
defendant.
           We distinguish Johnson. In the underlying case, upon discovery of the Gonzalez
videotape, counsel moved for continuance, albeit an oral motion. He also objected to
admission of the Gonzalez videotape. Appellant’s testimony reflects that she reviewed the
Gonzalez videotape before it was introduced in court.



           More importantly, in Johnson, the statements made by the defendant were
inculpatory and impacted the central issue in the case. Here, according to Appellant’s
testimony, her conversation in the Gonzalez videotape “was something that happened a
long time ago, and that was something I didn’t need everybody to know about. That’s only
causing more emotional trauma. . . . [W]atching that video not only brings up, like, my past
sexual assault, but it brings up so many other issues that I really didn’t have to – or
shouldn’t have had to go through . . . .” Nothing in the record indicates that the contents
of the Gonzalez videotape were inculpatory.
           Counsel’s strategy throughout Appellant’s representation was for her to plead guilty
and accept the State’s offer of probation. The evidence against her was overwhelming. 
She was stopped traveling in the wrong direction on an interstate at night and had a near-miss collision with an oncoming vehicle. According to Officer Mendez, Appellant was
disoriented, mistakenly believed one of her siblings was a passenger in her vehicle, and
had a case of Corona beer in the back seat. Another officer, who arrived at the scene once
Appellant was stopped, testified that Appellant smelled of alcohol and appeared confused. 
           Appellant testified that she never should have driven in her condition and realized
she jeopardized lives. She explained that she was unfamiliar with the Lubbock area and
had made prior arrangements to be driven by a friend, but they had a falling out. Given
these factual and procedural differences, we decline to apply the rationale in Johnson to
the facts of this case and conclude that trial counsel’s performance did not fall below an
objective standard of reasonableness. Having done so, we need not address the prejudice
prong of Strickland. Issue one is overruled. 
           II. Oral motion for continuance
           A motion for continuance that is not written nor sworn as required by articles 29.03
and 29.08 of the Texas Code of Criminal Procedure preserves nothing for review. 
Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999). To establish ineffective
assistance on counsel’s failure to file a written and sworn motion for continuance, an
appellant must show that the trial court would have erred in denying a sworn and written
motion. Cf. Vaughn v.State, 888 S.W.2d 62, 74 (Tex.App.–Houston [1st Dist.] 1994), aff’d,
931 S.W.2d 564, 566-67 (Tex.Crim.App. 1996) (holding that in order for counsel’s failure
to object to the State’s question and argument to have been ineffective assistance, an
appellant must show that the trial court would have erred in refusing to sustain the
objection).
           Relying on Vega v. State, 898 S.W.2d 359 (Tex.App.–San Antonio 1995, pet. ref’d),
Appellant argues that “[h]ad the trial court received a proper motion for continuance, it
would have been an abuse of discretion not to have granted it.” Vega, however, is
distinguishable. Counsel in Vega made an oral motion for continuance on the third day of
trial which is governed by article 29.13 of the Texas Code of Criminal Procedure. Under
that article, a continuance may be proper after commencement of trial “when it is made to
appear to the satisfaction of the trial court that by some unexpected occurrence since the
trial began, which no reasonable diligence could have anticipated, the applicant is so taken
by surprise that a fair trial cannot be had.” 
           In the underlying case, trial counsel moved for a continuance prior to the
commencement of trial. Additionally, there is nothing in the record to suggest that
Appellant was “so taken by surprise” by the contents of the Gonzalez videotape that a “fair
trial cannot be had.” Her testimony regarding the contents was more akin to humiliation
and embarrassment over a past sexual assault. Furthermore, the record reflects that
Appellant had been granted at least three prior continuances. Under these circumstances,
even had Appellant’s trial counsel properly filed a written and sworn motion, we cannot say
that the trial court would have erred in denying the motion. Accordingly, we conclude
Appellant has not satisfied the first prong of the Strickland test because Appellant has not
shown that trial counsel’s failure to file a written and sworn motion for continuance fell
below an objective standard of reasonableness. Issue three is overruled.
Motion for New Trial
Issue Two
 
           By her second issue, Appellant contends the trial court abused its discretion in
denying her motion for new trial. Again, we disagree. A trial court’s ruling on a motion for
new trial is reviewed for abuse of discretion. Webb v. State, 232 S.W.3d 109, 112
(Tex.Crim.App. 2007); Holden v. State, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006). A trial
court abuses its discretion in denying a motion for new trial only when no reasonable view
of the record could support the trial court’s ruling. Charles v. State, 146 S.W.3d 204, 208
(Tex.Crim.App. 2004). We view the evidence in the light most favorable to the trial court’s
ruling and presume that all reasonable fact findings were made against the losing party. 
Id. The trial court is the sole judge of the credibility of the witnesses and where there is
conflicting evidence on an issue of fact, the trial court determines the issue and there is no
abuse in denying the motion for new trial. Salazar v. State, 38 S.W.3d 141, 148
(Tex.Crim.App. 2001).
           As discussed above, counsel testified that his file indicated that Appellant had
agreed to plead guilty until she changed her plea at the August 14, 2006 hearing. The
record further reflects that counsel advised Appellant of the trial court’s policy, upon
rejection of a plea bargain, to proceed to trial without further opportunity to negotiate. 
Counsel testified that he informed Appellant of the range of punishment even though he
felt the case was suitable for probation. 
           Regarding the Gonzalez videotape, counsel was adamant that he did not receive
it until the Friday before the Monday trial date and even then, believed it to be a redacted
copy of the Mendez videotape. Although the testimony of Appellant and Appellant’s father
contradicted this testimony, we must defer to the trial court’s determination as to the
credibility of the witnesses and thus, conclude there was no abuse of discretion in denying
Appellant’s motion for new trial on the ground of ineffective assistance of counsel. Issue
two is overruled.
            Having overruled all three issues, the trial court’s judgment is affirmed.
 
 
                                                                                  Patrick A. Pirtle

                                                                                        Justice

 
 
Do not publish.