NO. 07-06-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 20, 2007

_____

MIRIAM JENNETTE GRANADOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16346-0515; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, Appellant, Miriam Jennette Granados, was convicted of driving while intoxicated. Punishment was assessed at 180 days confinement and a $2,000 fine. Presenting three issues, Appellant maintains (1) she was denied effective assistance of counsel during the plea bargaining stage; (2) the trial court abused its discretion in denying her motion for new trial; and (3) she was denied effective

assistance of counsel when trial counsel failed to file a proper motion for continuance after discovering damaging evidence on the eve of trial. We affirm.

**Background Facts**

The undisputed facts are that in the early morning hours of August 6, 2005, Appellant was driving northbound in the southbound lanes of Interstate 27 in Hale County. Abernathy Police Officer Richard Mendez observed Appellant's vehicle weaving and almost collide with an oncoming vehicle as Appellant was coming out of a curve. He followed Appellant with his patrol car lights activated; however, Appellant did not stop until he also activated his siren. The video camera in Officer Mendez's patrol car recorded the event (Mendez videotape).

Department of Public Safety Trooper Benito Gonzalez was dispatched to the scene. He arrived as Appellant was performing field sobriety tests. Appellant was arrested on suspicion of driving while intoxicated and driven to the Abernathy Police Department to use the restroom. Afterwards, Trooper Gonzalez took custody of Appellant and transported her to the Hale County Sheriff's Office. The video camera in the trooper's car generated a second videotape of Appellant while she was in Trooper Gonzalez's custody (Gonzalez videotape). This Gonzalez videotape is at the root of Appellant's contentions.[1]

---

[1]Although the Gonzalez videotape is not contained in the appellate record, Appellant testified that the tape contains statements she made to Trooper Gonzalez regarding a past sexual assault she did not want disclosed.

## Procedural History

According to trial counsel's testimony during the hearing on Appellant's motion for new trial,[2] Appellant initially agreed to plead guilty in exchange for probation. However, on August 14, 2006, following at least two previous trial settings which had been continued to accommodate Appellant's college schedule, she rejected the State's plea bargain offer. Trial counsel further testified that he explained to Appellant the court's policy that upon rejection of a plea bargain, a case would be set for trial without further opportunity for plea negotiations.

Prior to commencement of trial on September 25, 2006, the trial court heard arguments outside the jury's presence to resolve a dispute as to the Gonzalez videotape. Trial counsel claimed he had no knowledge of the Gonzalez videotape until it was given to him on the Friday before the Monday trial date. Trial counsel objected to its admission and also moved for continuance. He described the Gonzalez videotape as containing damaging statements. The trial court granted a recess for the State's prosecutor to determine when his office sent the Gonzalez videotape to trial counsel.

According to a discovery order, the State was required to disclose all recordings of Appellant to the defense by March 20, 2006. The trial court had ordered that certain portions of the Mendez videotape be redacted. Counsel assumed that the videotape he received on the Friday before trial was a redacted copy of the Mendez videotape. The

---

[2]Appellant waived the attorney client privilege during trial counsel's testimony.

3

prosecutor questioned his secretary and investigator on the subject, and both denied having sent any videotape to trial counsel on the Friday before trial. According to notations in the State's file, all discovery had been forwarded to trial counsel on "9-12-05." Therefore, the State's position was that trial counsel had both videotapes in his possession since September 2005. Trial counsel responded, "I've never seen that tape until Friday." The trial court resolved the dispute in favor of the State and found that trial counsel incorrectly assumed the Gonzalez videotape was a redacted version of the Mendez videotape. Counsel's objection and motion for continuance were both overruled.

As a result of the Gonzalez videotape being available for presentation to the jury, upon counsel's advice, Appellant entered a guilty plea without an agreed recommendation as to punishment. The issue of punishment was then submitted to the jury. With the assistance of new counsel, Appellant filed a motion for new trial alleging ineffective assistance of trial counsel. After a hearing on the motion, at which Appellant, Appellant's trial counsel, and Appellant's father testified, the trial court denied the motion.

### Ineffective Assistance of Counsel
### Issues One and Three

Appellant maintains by her first issue that she was denied effective assistance of counsel during the plea bargaining stage. By her third issue, she maintains counsel was ineffective in failing to file a proper motion for continuance after discovering damaging evidence on the eve of trial. We disagree.

4

A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007); *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). In other words, a defendant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814, citing *Strickland*, 466 U.S. at 700.

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Thompson*, 9 S.W.3d at 814. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable

5

and professional representation. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). *See also Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).

### I. Plea bargaining stage

According to trial counsel's testimony at the hearing on Appellant's motion for new trial, Appellant's file reflected that he had conveyed, and she had accepted, the State's plea bargain offer of probation prior to the August 14, 2006 hearing. Appellant, however, testified she had never agreed to plead guilty. In hindsight though, she claimed she would have accepted the State's probation offer had she known of the existence of the Gonzalez videotape. She also testified that she was unaware she could get jailtime until she was admonished by the trial court on the range of punishment. She continued that upon discovery of the Gonzalez videotape, counsel advised her that the only way to keep the videotape from being shown and stay out of jail was to plead guilty.

Appellant's father, who hired counsel and was present at all meetings, testified in support of Appellant's position that counsel never advised her she could get jailtime. He also claimed that upon discovery of the Gonzalez videotape, counsel advised Appellant that a guilty plea would keep the videotape from being shown and keep her out of jail.

Counsel testified that he was unaware of the Gonzalez videotape until he viewed it the weekend before trial. He was unable to inform Appellant of its existence until the morning of trial. He testified that upon reviewing the tape, he considered it a better strategy for Appellant's accountability to change her plea to guilty. His testimony also

6

established that even prior to discovery of the Gonzalez videotape, his representation to Appellant was that an attorney does not make guarantees, but he believed her case was suitable for probation and he "didn't feel" she would get jailtime. Counsel further testified that he had advised Appellant on the range of punishment and recommended she accept the State's plea bargain offer of probation. His file reflected that Appellant agreed to plead guilty until the August 14 hearing where she withdrew her guilty plea.

Appellant claims that counsel's failure to discover the Gonzalez videotape sooner constitutes ineffective assistance of counsel because she would have accepted the State's offer of probation had she known all the facts. She places great reliance on *Johnson v. State*, 172 S.W.3d 6 (Tex.App.–Austin 2005, pet. ref'd). In *Johnson*, trial counsel's performance was found deficient in failing to discover and object to the introduction of an audiotape containing statements made by the defendant and recorded by a responding officer at the time of the defendant's arrest for assault on a public servant. *Id.* at 19-20. Trial counsel did not become aware of the audiotape until the trial commenced and was allowed only a lunch-hour recess to review the forty-two minute tape. *Id*. at 17. Trial counsel listened to the audiotape with the prosecutor and they agreed to a "slight redaction" that met any objection counsel might have had.

Trial counsel ignored the defendant's request to hear the tape and did not object to its introduction as redacted. The defendant testified at the motion for new trial hearing that she first heard the audiotape when it was played in court and realized it was incomplete. Additionally, the tape contained direct admissions on the central issue of the case, to-wit:

7

the defendant admitted hitting police officers. *Id.* at 18. Trial counsel, however, testified that he relied on the audiotape to show that the defendant's statements were made in response to the use of force by police officers. *Id.* Counsel testified that he could not recall his redaction strategy. In finding that there could be no strategic reason for counsel's performance, the court concluded that counsel's deficient conduct prejudiced the defendant.

We distinguish *Johnson*. In the underlying case, upon discovery of the Gonzalez videotape, counsel moved for continuance, albeit an oral motion. He also objected to admission of the Gonzalez videotape. Appellant's testimony reflects that she reviewed the Gonzalez videotape before it was introduced in court.[3]

More importantly, in *Johnson*, the statements made by the defendant were inculpatory and impacted the central issue in the case. Here, according to Appellant's testimony, her conversation in the Gonzalez videotape "was something that happened a long time ago, and that was something I didn't need everybody to know about. That's only causing more emotional trauma. . . . [W]atching that video not only brings up, like, my past sexual assault, but it brings up so many other issues that I really didn't have to – or shouldn't have had to go through . . . ." Nothing in the record indicates that the contents of the Gonzalez videotape were inculpatory.

---

[3]Appellant also admitted that she had the opportunity to watch the Mendez videotape, but never did.

Counsel's strategy throughout Appellant's representation was for her to plead guilty and accept the State's offer of probation. The evidence against her was overwhelming. She was stopped traveling in the wrong direction on an interstate at night and had a near-miss collision with an oncoming vehicle. According to Officer Mendez, Appellant was disoriented, mistakenly believed one of her siblings was a passenger in her vehicle, and had a case of Corona beer in the back seat. Another officer, who arrived at the scene once Appellant was stopped, testified that Appellant smelled of alcohol and appeared confused.

Appellant testified that she never should have driven in her condition and realized she jeopardized lives. She explained that she was unfamiliar with the Lubbock area and had made prior arrangements to be driven by a friend, but they had a falling out. Given these factual and procedural differences, we decline to apply the rationale in *Johnson* to the facts of this case and conclude that trial counsel's performance did not fall below an objective standard of reasonableness. Having done so, we need not address the prejudice prong of *Strickland*. Issue one is overruled.

## II. Oral motion for continuance

A motion for continuance that is not written nor sworn as required by articles 29.03 and 29.08 of the Texas Code of Criminal Procedure preserves nothing for review. *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999). To establish ineffective assistance on counsel's failure to file a written and sworn motion for continuance, an appellant must show that the trial court would have erred in denying a sworn and written

9

motion.  *Cf. Vaughn v. State*, 888 S.W.2d 62, 74 (Tex.App.–Houston [1st Dist.] 1994), *aff'd*, 931 S.W.2d 564, 566-67 (Tex.Crim.App. 1996) (holding that in order for counsel's failure to object to the State's question and argument to have been ineffective assistance, an appellant must show that the trial court would have erred in refusing to sustain the objection).

Relying on *Vega v. State*, 898 S.W.2d 359 (Tex.App.–San Antonio 1995, pet. ref'd), Appellant argues that "[h]ad the trial court received a proper motion for continuance, it would have been an abuse of discretion not to have granted it."  *Vega*, however, is distinguishable.  Counsel in *Vega* made an oral motion for continuance on the third day of trial which is governed by article 29.13 of the Texas Code of Criminal Procedure.  Under that article, a continuance may be proper after commencement of trial "when it is made to appear to the satisfaction of the trial court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

In the underlying case, trial counsel moved for a continuance prior to the commencement of trial.  Additionally, there is nothing in the record to suggest that Appellant was "so taken by surprise" by the contents of the Gonzalez videotape that a "fair trial cannot be had."  Her testimony regarding the contents was more akin to humiliation and embarrassment over a past sexual assault.  Furthermore, the record reflects that Appellant had been granted at least three prior continuances.  Under these circumstances, even had Appellant's trial counsel properly filed a written and sworn motion, we cannot say

10

that the trial court would have erred in denying the motion. Accordingly, we conclude Appellant has not satisfied the first prong of the *Strickland* test because Appellant has not shown that trial counsel's failure to file a written and sworn motion for continuance fell below an objective standard of reasonableness. Issue three is overruled.

**Motion for New Trial**
**Issue Two**

By her second issue, Appellant contends the trial court abused its discretion in denying her motion for new trial. Again, we disagree. A trial court's ruling on a motion for new trial is reviewed for abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); *Holden v. State*, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). We view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable fact findings were made against the losing party. *Id.* The trial court is the sole judge of the credibility of the witnesses and where there is conflicting evidence on an issue of fact, the trial court determines the issue and there is no abuse in denying the motion for new trial. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim.App. 2001).

As discussed above, counsel testified that his file indicated that Appellant had agreed to plead guilty until she changed her plea at the August 14, 2006 hearing. The

11

record further reflects that counsel advised Appellant of the trial court's policy, upon rejection of a plea bargain, to proceed to trial without further opportunity to negotiate. Counsel testified that he informed Appellant of the range of punishment even though he felt the case was suitable for probation.

Regarding the Gonzalez videotape, counsel was adamant that he did not receive it until the Friday before the Monday trial date and even then, believed it to be a redacted copy of the Mendez videotape. Although the testimony of Appellant and Appellant's father contradicted this testimony, we must defer to the trial court's determination as to the credibility of the witnesses and thus, conclude there was no abuse of discretion in denying Appellant's motion for new trial on the ground of ineffective assistance of counsel. Issue two is overruled.

Having overruled all three issues, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.