Raul RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00351–CR.

Court of Appeals of Texas,
El Paso.

Nov. 18, 1992.

Rafael Salas, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for State/appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for burglary of a vehicle. Trial was by jury. Upon a finding of guilty, the trial court assessed punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of 10 years. In two points of error, Appellant attacks the judgment of conviction. We overrule Appellant's points of error and affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

In its case-in-chief, the State called two witnesses to testify. Randy Rodriguez, an officer with the El Paso Police Department, testified that on the evening of May 8, 1991, while on patrol, he was dispatched to a possible assault at a local convenience store. Upon arriving at the convenience store, Officer Rodriguez observed Appel-

lant and two other individuals, in an intoxicated state, standing in close proximity to a vehicle registered to Appellant. The three individuals were detained by law enforcement officers in order to ascertain the circumstances surrounding the alleged assault. Officer Rodriguez testified that Appellant had requested that the police be called because the two other individuals were beginning to get rough with him. Officer Rodriguez further testified that after conducting a brief investigation, he determined no assault had taken place; however, the three individuals were nonetheless arrested for public intoxication. While waiting for a wrecker to tow Appellant's vehicle, Officer Rodriguez conducted a routine inventory of Appellant's vehicle. The inventory revealed the existence of a brown leather bag, found in the rear seat of Appellant's vehicle, which contained items appearing to belong to a physician. Included among the items in the bag was a prescription tablet belonging to a Dr. James F. Peterson as well as empty bottles of wine and beer.[1]

The prosecution additionally called James F. Peterson, M.D., who testified that in the early morning of May 9, 1991, he received a telephone call from Officer Rodriguez regarding property belonging to him which had been discovered in Appellant's vehicle. Dr. Peterson testified that he immediately inspected his vehicle and discovered that it had been burglarized, and that the property in question had in fact come from his vehicle. Dr. Peterson further testified that he had not given anyone permission to break into his vehicle and remove his brown leather bag and its contents.

## II. DISCUSSION

In his first point of error, Appellant contends that the trial court erred in overruling his motion to dismiss or in the alternative, his motion for continuance, both of which were based on the assertion that the State had allowed a material witness who would exculpate Appellant at trial to be

---

1. The record reflects that the three individuals arrested at the convenience store that night for

the offense of public intoxication were Appellant, Ramiro Hernandez and Pablo Martinez.

deported from the United States. We disagree.

The record reveals that Appellant, at an arraignment hearing held on July 23, 1991, was given actual notice of a pretrial conference for August 2, 1991, and for trial the week of August 12, 1991. The record reveals that at the pretrial conference held on August 2, 1991, the codefendant, Ramiro Hernandez, an undocumented alien, entered a plea of guilty to the offense of burglary of a vehicle. The record further reveals that counsel for Appellant was afforded the opportunity to elicit testimony from the codefendant, under oath. The codefendant testified in response to Appellant's counsel's questions, in part, as follows:

Q. Were you involved in a burglary of a vehicle on or about May 9, 1991?

A. Yes.

Q. You understand there is a co-defendant by the name of Raul Ramirez?

A. Raul Ramirez? Yes.

Q. And you're willing to tell this court that Mr. Ramirez did not have anything to do with this incident? [Emphasis added].

A. Yes, I am willing to say that. [Emphasis added].

Q. And, in fact, you are telling this court that Mr. Ramirez did not have anything to do with that burglary of a vehicle?

A. Yes, I am willing to say that he had nothing to do with that. [Emphasis added].

The record further reveals that Appellant was tried under the theory of parties. To that extent, on August 2, 1991, it was readily apparent to Appellant that the codefendant, Ramiro Hernandez, would testify to Appellant's detriment, that Appellant was one of three individuals present when he allegedly burglarized the vehicle owned by Dr. Peterson. Additionally, Hernandez would further testify that while he could not remember the names of the two other individuals, he had met Appellant and the other unknown individual in the downtown area of El Paso prior to Dr. Peterson's car being burglarized.

We have carefully reviewed the entire record before this Court and find that the record establishes that at the time of the plea of the codefendant, both the codefendant, Ramiro Hernandez, and Appellant, as well as their respective counsel were present; that counsel for Appellant had the opportunity to elicit, and did elicit, testimony from the codefendant which would be favorable, as well as unfavorable, to Appellant, and more important, that by counsel's own admission, no request was ever made by Appellant that the codefendant, Ramiro Hernandez, be detained for the purpose of giving testimony at Appellant's trial set for the week of August 14, 1991. Additionally, we note that the codefendant's sworn testimony, preserved by Appellant's counsel at the hearing held on August 2, 1991, was read to the jury in the instant case in its entirety.[2]

■ In the State of Texas, responsibility for criminal prosecutions is vested in the district and county attorneys and not in the trial judges. *See Meshell v. State*, 739 S.W.2d 246, 254 (Tex.Crim.App.1987); *State v. Gray*, 801 S.W.2d 10, 11 (Tex. App.—Austin 1990, no pet.). The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991), citing *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069 (1926). As a consequence, Texas courts have consistently held that, in the absence of constitutional or statutory authority, a trial court does not have the general authority, either written or unwritten, inherent or implied, to dismiss a case unless the prosecutor requests a dismissal. *State v. Johnson*, 821 S.W.2d at 613; *Wallace v. State*, 145 Tex.Crim. 625, 170

---

**2.** The record additionally reflects that not only did Appellant's counsel not object to the reading of the previous testimony of the codefendant, but he also assisted the prosecution by sitting in the witness stand and reading the responses made by the codefendant.

S.W.2d 762, 764 (1943); *State v. Gray*, 801 S.W.2d 10 (Tex.App.—Austin 1990, no pet.); *State v. Chandler*, 767 S.W.2d 211 (Tex. App.—Eastland 1989, no pet.). In the present case, we need not reach the question of whether the trial court abused its discretion in refusing to grant Appellant's motion to dismiss the prosecution because this is clearly a case within the general rule that dismissal by the trial court is not appropriate in the absence of statutory or constitutional authorization. Appellant has wholly failed to direct this Court to the existence of any authority, constitutional or statutory, which would permit the trial court to dismiss the prosecution in the instant case due to Appellant's failure to secure a subpoena for a defense witness. Additionally, we know of no authority which would require the State to subpoena a witness to testify on behalf of a defendant.

We additionally reject Appellant's constitutional argument that he was denied his Sixth Amendment right to compulsory process. Appellant cites the United States Supreme Court's holding in *United States v. Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) for the premise that he was denied such a right. Appellant's reliance on *Valenzuela–Bernal* is misplaced. In *Valenzuela–Bernal*, the Supreme Court rejected the defendant's argument that he had been denied his constitutional right to the compulsory attendance of witnesses when two eyewitnesses to the alleged crime were deported by the government before they could be interviewed by defense counsel. The Court did however, hold that the Sixth Amendment did guarantee a defendant "compulsory process for obtaining *witnesses in his favor.*" *Valenzuela–Bernal*, 458 U.S. at 867, 102 S.Ct. at 3446, 73 L.Ed.2d 1193 (Emphasis in original). In the instant case, the record establishes testimony by a codefendant, which on its face, appeared to be in Appellant's favor. Unlike the circumstances found in *Valenzuela–Bernal* where defense counsel was denied the opportunity to interview critical eyewitnesses, Appellant's counsel in the instant case was afforded the opportunity to solicit a judicial confession from a codefendant which was both inculpatory as well as exculpatory to Appellant. Yet, in spite of the codefendant's assertions that Appellant had nothing to do with the burglary of Dr. Peterson's vehicle, as alleged in the indictment, Appellant, through design or neglect, failed to afford himself of his right to compulsory process by requesting that a subpoena be issued compelling the attendance of the codefendant, Ramiro Hernandez, at trial. We find that Appellant has effectively waived his right to compulsory process by his total failure to file his application for a subpoena pursuant to Tex.Code Crim.Pro.Ann. art. 24.03 (Vernon 1989).[3] Appellant's assertion that the trial court abused its discretion in refusing to grant Appellant's motion to dismiss the prosecution is without merit.

We now turn to Appellant's contention that the trial court abused its discretion in refusing to grant his unsworn motion for continuance in the instant case.[4] At the outset, we note that reversal on a trial court's denial of an accused's motion for continuance is required only upon a showing that the trial court abused its discretion. *Hernandez v. State*, 643 S.W.2d 397, 399 (Tex.Crim.App.1982), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983); *Hernandez v. State*, 825 S.W.2d 765, 767 (Tex.App.—El Paso 1992, no pet.).

The motion for continuance in the instant case was not sworn, as required by

---

**3.** Tex.Code Crim.Pro.Ann. art. 24.03 (Vernon 1989) provides in pertinent part as follows:

Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any district or criminal district court of this State of which he is clerk or deputy, the defendant or his attorney or the State's attorney shall make written, sworn application to such clerk for each witness desired. Such application shall state the name of each witness desired, the location and vocation, if known, and that the testimony of said witness is material to the State or to the defense.

**4.** Tex.Code Crim.Pro.Ann. art. 29.08 (Vernon 1989) provides that all motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance.

Tex.Code Crim.Pro.Ann. art. 29.08 (Vernon 1989), nor was such motion in compliance with Articles 29.03 and 29.07 (Vernon 1989). Moreover, knowing that the codefendant Ramiro Hernandez was an undocumented alien subject to deportation, Appellant, either through design or neglect, failed to secure a subpoena for the witness or move the trial court for attachment of the witness. Consequently, nothing is presented for review. *Klechka v. State*, 429 S.W.2d 900 (Tex.Crim.App.1968), *cert. denied*, 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969); *Malone v. State*, 734 S.W.2d 50 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Moreover, as noted above, the record affirmatively reflects that Appellant did not apply for process. Insofar as Appellant wholly failed to apply for process, he has failed to exercise the due diligence which is mandatory to support a motion for continuance, particularly where he is fully aware of the anticipated testimony of such witness and he has been given advance actual notice of his trial date. *See Peoples v. State*, 477 S.W.2d 889 (Tex.Crim. App.1972). Accordingly, Appellant's Point of Error No. One is overruled.

▆▆▆ In Point of Error No. Two, Appellant asserts that there is insufficient evidence to support his conviction of burglary of a vehicle.[5] In reviewing the sufficiency of the evidence, this Court is constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156, 157 (Tex.Crim.App. 1991); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a

plausible explanation of the crime. *Butler v. State*, 769 S.W.2d at 239; *Quevedo v. State*, 832 S.W.2d ·422, 423 (Tex.App.— Houston [1st Dist.] 1992, no pet.).

▆▆▆ In a case tried before a jury, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Mowbray v. State*, 788 S.W.2d 658 (Tex.App.—Corpus Christi 1990), *cert. denied*, — U.S. —, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991); *Bennett v. State*, 831 S.W.2d 20 (Tex.App.—El Paso 1992, no pet.). The brief testimony in the instant case establishes that Appellant and two individuals drove from the downtown area of El Paso to a residential neighborhood; that the vehicle utilized to facilitate the burglary of the vehicle was owned by Appellant; that Appellant and the two individuals with him were in an intoxicated state; and that a brown leather bag belonging to a local physician was found, during a routine inventory of Appellant's vehicle, in the rear seat. The record further establishes that a vehicle belonging to the victim was burglarized and the same brown leather bag removed therefrom.

The jury in the instant case was free to accept or reject any part or all of the testimony of either Officer Randy Rodriguez or Dr. James F. Peterson, M.D. *See Ruiz v. State*, 654 S.W.2d 488 (Tex.App.— Corpus Christi 1983, no pet.). Likewise, the jury was free to accept or reject all or part of the codefendant's testimony which was read into the record without objection.

▆▆▆ On review, this Court does not resolve any conflict in fact, weigh any evidence nor evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial will be given great deference. *Bennett v. State*, 831 S.W.2d at 20; *Juarez v. State*, 796 S.W.2d 523 (Tex.App.—San Antonio 1990, pet. ref'd); *Schofield v. State*, 658 S.W.2d 209 (Tex.App.—El Paso 1983, no pet.).

---

5. A person commits the offense of burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with the intent to commit any felony or theft. Tex.Penal Code Ann. § 30.04(a) (Vernon 1989). "Enter" means to intrude any part of the body, or any physical object connected with the body. Tex.Penal Code Ann. § 30.-04(b)(1), (2) (Vernon 1989).

We have reviewed the record before us, carefully looking at all the evidence in the light most favorable to the judgment, and find that the jury in the instant case, as rational triers of fact, could have found beyond a reasonable doubt that the Appellant did commit the offense of burglary of a vehicle. Appellant's Point of Error No. Two is overruled.

Having overruled Appellant's points of error, the judgment of the trial court is affirmed.