NUMBER 13-03-084-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




MANUEL BARBOSA,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 92nd District Court
of Hidalgo County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         In 1996, a jury convicted Manuel Barbosa of aggravated robbery.


 It punished
him as an habitual offender


 and assessed a sentence of sixty years confinement in the
Institutional Division of the Texas Department of Criminal Justice. After Barbosa filed
an application for writ of habeas corpus, the Court of Criminal Appeals granted him
leave to file an out-of-time appeal.


 The trial court has certified that Barbosa has the
right of appeal. See Tex. R. App. P. 25.2(a)(2). By seven issues, Barbosa argues: 
(1) he was entitled to a new trial because the trial court did not grant him a
continuance; (2) the trial court erred in not granting his oral motion for continuance;
(3) trial counsel was ineffective by failing to ensure the attendance of an alibi witness;
(4) he is entitled to a new trial because of lost or destroyed exhibits;


 (5) he is entitled
to a new trial because of the state of the appellate record; (6) the evidence is factually
insufficient; and (7) trial counsel was ineffective by not objecting to and requesting a
mistrial due to the State's improper closing argument during the culpability phase of
the trial. We affirm. 
I. RELEVANT FACTS
         This is a memorandum opinion not designated for publication. The parties are
familiar with the facts. We will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
         On October 21, 1993, Esmeralda Guerrero was working the late shift at 
Transmigrantes Guerrero in Hidalgo, Texas. It is largely a cash business. Around
2:30 a.m., Guerrero was in her office counting money. She was facing away from the
front door. She heard someone open the door. In a reflection in a window in front of
her, she saw a young Hispanic man standing about two steps away from the door. 
She could see him out of the corner of her eye. He pointed a gun at her. In Spanish,
he told her, "Give me the money or--." Guerrero understood him to mean to give him
the money or he was going to use the gun. She feared he was going to fire the gun
at her and kill her. Without turning around to face the robber, Guerrero put the money
she was counting on the counter. 
         The man picked up the money. As he left, he told Guerrero that if he saw a
police officer in the area, he would come back and kill her. Guerrero then turned and
watched him walk behind a trailer outside the office. She called the police. 
         From the time the man walked through the door until he picked up the money
from the counter, Guerrero did not take her eyes off the robber's reflection in the
window. She looked at him for about five minutes, long enough for her to remember
what he looked like. 
         About 8:30 that morning, Guerrero went to the police station to give a
statement. She picked Barbosa's photograph out of a photographic line-up consisting
of ten to twenty photographs.


 
         At trial, Guerrero unequivocally identified Barbosa as the man who robbed her. 
Defense counsel vigorously cross-examined her but was unable to impeach her
testimony in any material way or shake her identification of Barbosa. 
II. THE RECORD
         In his fourth issue, Barbosa asserts that a new trial is necessary since all the
evidence introduced at trial cannot be presented on appeal. In his fifth issue,
he argues that a new trial is needed due to the state of the record. We were required
to address Barbosa's claims about the record before addressing his appellate issues
regarding his trial. See Routier v. State, 112 S.W.3d 554, 557 (Tex. Crim.
App. 2003). Thus, we already have denied Barbosa's motion asserting claims
associated with the accuracy and completeness of the record.


 We overrule his fourth
and fifth issues as moot. 

III. FACTUAL-SUFFICIENCY ANALYSIS
         In issue six, Barbosa challenges the factual sufficiency of the evidence to
support his conviction. We first address the standard and scope of our factual-sufficiency review. 
A. Factual-Sufficiency Standard and Scope of Review
         A factual-sufficiency review begins with the assumption that the evidence is
legally sufficient under Jackson v. Virginia, 443 U.S. 307, 319 (1979). Wardrip v.
State, 56 S.W.3d 588 (Tex. Crim. App. 2001). This Court measures the factual
sufficiency of the evidence in this case against a hypothetically correct jury charge. 
Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd); see
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
         A hypothetically correct jury charge is one that "accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately describes
the particular offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v. State,
46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the statutory
elements of the offense . . . as modified by the charging instrument." Fuller v. State,
73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J., concurring) (quoting Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but
not all, of the statutorily listed methods, the State is limited to the methods
alleged.  Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. 
         We are constitutionally empowered to review the judgment of the trial court to
determine the factual sufficiency of the evidence used to establish the elements of the
charged offense. Johnson v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000). In
determining the factual sufficiency of the elements of the offense, we view all the
evidence neutrally, not through the prism of "the light most favorable to the
prosecution." Id. at 6-7 (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996)). We set aside a finding of guilt only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson,
23 S.W.3d at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v. State,
986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-
sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness testimony. 
Id. Thus, in performing a factual-sufficiency review, we are mindful that the fact
finder is the exclusive judge of the credibility of witnesses and the weight to be given
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Adelman v. State,
828 S.W.2d 418, 423 (Tex. Crim. App. 1992); Butts v. State, 835 S.W.2d 147, 151
(Tex. App.–Corpus Christi 1992, pet. ref'd). 
         The fact finder may believe some witnesses and refuse to believe others. 
Esquivel v. State, 506 S.W.2d 613, 615 (Tex. Crim. App. 1974). It also may accept
portions of a witness's testimony and reject others. Johnson, 23 S.W.3d at 7; Butts,
835 S.W.2d at 151. We always remain aware of the fact finder's role and unique
position, a position we are unable to occupy. Johnson, 23 S.W.3d at 9. 
         Exercise of our authority to disagree with the fact finder's determination is
appropriate only when the record clearly indicates our intervention is necessary to stop
manifest injustice. Id. When an appellant challenges the factual sufficiency of the
elements of the offense, we ask whether "a neutral review of all the evidence . . .
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof." Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003) (quoting Johnson, 23 S.W.3d at 11); see Swearingen v. State,
101 S.W.3d 89, 97 (Tex. Crim. App. 2003).  
          In conducting a factual-sufficiency review in an opinion, we "show our work"
when we consider and address the appellant's main argument for urging insufficiency
of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003);
Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex. App.–
Houston [14th Dist.] 2003, pet. denied); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice. Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction
and remand for a new trial. See Clewis, 922 S.W.2d at 133-34; see also Swearingen,
101 S.W.3d at 97. 
                            B. The Hypothetically Correct Jury Charge
                              1. The Elements of Aggravated Robbery
         One of the ways a person commits aggravated robbery is by: (1) committing
robbery as defined in section 29.02 of the penal code; and (2) using or exhibiting a
deadly weapon. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). A person commits
robbery by: (1) in the course of committing theft as defined in chapter 31 of the penal
code and (2) with the intent to obtain or maintain control of the property
(3) intentionally, knowingly, or recklessly causing bodily injury to another or
intentionally or knowingly placing another in fear of imminent bodily injury or death. 
Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
2. The Indictment
         In Count 1 of the indictment, the State alleged that Barbosa:
intentionally and knowingly, while in the course of committing theft of
property from Esmeralda Guerrero, the victim, and with intent to obtain
or maintain control of said property, threaten or place the victim in fear
of imminent bodily injury and death, and defendant did then and there
use and exhibit a deadly weapon, to-wit: a firearm. 

         Thus, the hypothetically correct jury charge in this case would ask the jury if
Barbosa: (1) while in the course of committing theft of property and (2) with the
intent to obtain or maintain control of the property (3) intentionally and knowingly
(4) threatened or placed Esmeralda Guerrero in fear of imminent bodily injury or death
and (5) used and/or exhibited a firearm. See id.; see also Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (holding that State may allege in 
conjunctive in indictment and in conjunctive or disjunctive in jury charge). 
C. Factual-Sufficiency Analysis
         Barbosa's argument on appeal focuses on the question of identity. Guerrero
testified that a man entered her office armed with a gun, pointed the weapon at her,
threatened her, took $1,090 in cash, and threatened her again before he left. Guerrero
had five minutes to observe the robber at the scene. She gave a description to the
authorities immediately after the incident. She unequivocally selected Barbosa six
hours later from a photographic lineup. She again identified him in the courtroom
during trial. 
         Barbosa emphasizes that Guerrero only observed the robber through his
reflection in the window. Defense counsel cross-examined Guerrero at length that she
had described the robber to the authorities as having acne, which the photograph of
Guerrero she picked out of the photographic lineup did not show. However, we must
defer to the fact finder's determination of the weight and credibility of Guerrero's
eyewitness identification. See Johnson, 23 S.W.3d at 9. Viewing all the evidence
neutrally, favoring neither the prosecution nor Barbosa, we find that proof of Barbosa's
guilt is not so obviously weak as to undermine confidence in the jury's determination. 
See Zuliani, 97 S.W.3d at 593-94. Nor do we find that the proof of his guilt is greatly
outweighed by contrary proof. See id. 
         We overrule Barbosa's sixth issue. We next address his issues claiming error
in the trial court's denial of his motion for continuance and motion for new trial. 
IV. DENIAL OF MOTIONS FOR CONTINUANCE AND NEW TRIAL
         In his second issue, Barbosa contends the trial court abused its discretion in not
granting his oral motion for continuance, arguing a continuance was required because
of the illness of an alibi witness. In his first issue, Barbosa contends the trial court
abused its discretion in not granting him a new trial, arguing: (1) the trial court abused
its discretion in denying his motion for continuance based on the absence of his alibi
witness; (2) affidavits attached to his motion for new trial clarified the reasons for the
unavailability of the witness and showed Barbosa had an alibi; and (3) the denial of the
continuance was a due-process violation under the Sixth and Fourteenth Amendment
of the U.S. Constitution. 
 

A. Motion for Continuance
1. Standard of Review of Denial of Motion for ContinuanceMotions for continuance are governed by chapter 29 of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 29.01 - 29.13 (Vernon 1989
& Supp.2004). Whether to grant a motion for continuance is within the discretion of
the trial court. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). An
unsworn oral motion for continuance preserves nothing for review. Tex. Code Crim.
Proc. Ann. art. 29.08 (Vernon 1989); Dewberry v. State, 4 S.W.3d 735, 755 (Tex.
Crim. App. 1999). A trial court does not abuse its discretion if it denies an oral motion
for continuance. Vega v. State, 898 S.W.2d 359, 361 (Tex. App.–San Antonio 1995,
writ ref'd). 
         Further, a motion for continuance based on an absent witness must show that
the movant diligently tried to secure the witness's attendance. Tex. Code Crim. Proc.
Ann. art. 29.06 (Vernon 1989); Dewberry, 4 S.W.3d at 756. A trial court does not
abuse its discretion in denying a motion for continuance if the movant was not diligent
by first subpoenaing the witness and then seeking the witness's attachment. Ramirez
v. State, 842 S.W.2d 796, 800 (Tex. App.–El Paso 1992, no writ). 
2. Analysis of Motion for Continuance
         At trial, defense counsel orally moved for a continuance "based on the fact that
a material witness for the defense is not present." Counsel informed the trial court
that Barbosa's mother was an alibi witness but had taken ill and gone to see a doctor. 
The trial court asked counsel if she knew to be in court that day. Counsel responded
she did. The trial court asked whether there was a doctor's certificate stating she was
ill. Defense counsel responded, "No, Judge." Counsel added, "There was no
subpoena since this is family, Judge." 
         Barbosa's motion for continuance was not in writing. It was not sworn. 
Further, Barbosa had not subpoenaed his mother for trial. We hold that the trial court
did not abuse its discretion by denying Barbosa's motion for continuance on statutory
grounds. See Vega, 898 S.W.2d at 361; see also Ramirez, 842 S.W.2d at 800. 
         However, a trial court may address an unsworn oral motion for continuance on
equitable grounds. See Munoz v. State, 24 S.W.3d 427, 431 (Tex. App.–Corpus
Christi 2000, no pet.). The abuse-of-discretion standard also applies to an equitable
motion for continuance. Id. An equitable motion for continuance must raise a due-process claim. Id. at 432. Barbosa generally argues on appeal he was denied due
process. However, he provides no authority for his contention. A brief must contain
a clear and concise argument for the contention made, with appropriate citations to
authorities and to the record. Tex. R. App. P. 38.1(h). We find that Barbosa
inadequately briefed any equitable claim on due-process grounds the trial court abused
its discretion in denying his motion for continuance. We hold that Barbosa has waived
any review of his motion for continuance on equitable grounds. See id.; see also
Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). We overrule
Barbosa's first issue. 
B. Motion for New Trial
1. Standard of Review of Denial of Motion for New Trial
         We also review the denial of a motion for new trial under an abuse-of-discretion
standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). We may
not substitute our judgment for that of the trial court. See id. Instead, we must
decide whether the trial court's decision was arbitrary or unreasonable. Id.; State
v. Gonzalez, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993). An abuse of discretion
occurs when the trial court's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree. Cantu v. State,
842 S.W.2d. 667, 682 (Tex. Crim. App. 1992). The trial court, as the sole judge of
the credibility of the witnesses, does not abuse its discretion in overruling a motion for
new trial in the face of conflicting evidence. Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995). 
2. Analysis of Motion for New Trial
         A motion for new trial is a prerequisite to presenting an issue on appeal where
it is necessary to adduce facts not in the record. Tex. R. App. P. 21.2. Initially,
Barbosa filed a pro se motion for new trial. After the court of criminal appeals granted
him an out-of-time appeal, his appellate counsel filed a "Second Motion for New Trial." 
On appeal, Barbosa points only to the second motion for new trial. Thus, we focus
our analysis on it. 
         Barbosa alleged he is entitled to a new trial because: (1) he was denied a
motion for continuance that would have allowed for the presentation of alibi
testimony; and (2) trial counsel was ineffective in that he failed to ensure the
attendance of an alibi witness.


 Attached to the motion is the affidavit of Barbosa's
mother. She attested that Barbosa was at home about 1:00 a.m. to 2:00 a.m. on
October 21, 1993 when she woke briefly. Barbosa looked like he was falling asleep. 
She saw him again at 5:30 a.m. to 6:30 a.m. when she got up. Barbosa's trial
counsel did not tell her in advance when the trial was scheduled. She was unable to
attend trial because her back condition was acting up. 
         Also attached to the motion is the affidavit of Barbosa's sister. She attested
that Barbosa called her on the morning of the trial to tell her the trial was "starting
again that day." On the day her mother was to testify, she was unable to timely
contact her mother. When she did reach her, her mother stated her back problem was
acting up again. 
         The trial court admitted the affidavits in evidence at the hearing on the motion
for new trial. Barbosa's counsel told the trial court that the main argument was that
the denial of the oral motion for continuance was a due-process violation because
Barbosa was not allowed to present his alibi. 
         At trial, investigating officers had testified that a friend of Barbosa's told them
Barbosa was with him from 1:30 a.m. to 3:30 a.m. on the date of the offense. 
Barbosa's mother's affidavit placed Barbosa at home around 1:00 a.m. to 2:00 a.m.
and later around 5:30 a.m. to 6:30 a.m. However, Guerrero testified at trial that she
was robbed around 2:30 a.m. On these facts, we hold that the trial court did not
abuse its discretion in overruling the motion for new trial. See Lewis, 911 S.W.2d
at 7. We overrule Barbosa's second issue. 
V. INEFFECTIVE ASSISTANCE OF COUNSEL
         In his third and seventh issues, Barbosa asserts that he was denied effective
assistance of counsel when trial counsel: (1) failed to ensure the attendance of his
alibi witness; and (2) did not object to and request a mistrial due to improper jury
argument during the culpability phase of the trial. We turn to the applicable standard
of review. 
A. Standard of Review of Ineffectiveness Claims.
          A claim of ineffective assistance of counsel must be firmly supported in
the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per
curiam). When determining the validity of a defendant's claim of ineffective assistance
of counsel, we must be highly deferential to trial counsel and avoid the
distorting effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). We presume counsel's performance was the result of sound trial
strategy. Strickland v. Washington, 466 U.S. 668, 688 (1984); Stafford v. State,
813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We will not base a finding of
ineffectiveness on speculation. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.–Houston [1st Dist.] 1996, no pet.). In the absence of evidence of counsel's
reasons for the challenged conduct, an appellate court will assume a
strategic motivation and will not conclude that the challenged conduct was
deficient unless it was so outrageous no competent attorney would have engaged
in it.  Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). An appellant claiming the
ineffective assistance of counsel must show that: (1) counsel's performance fell below
an objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability, but for counsel's unprofessional errors,
that the result of the proceeding would have been different. McFarland v. State,
845 S.W.2d 824, 842 (Tex. Crim. App. 1992). 
 B. Ineffectiveness Analysis
1. The Alibi Witness Issue
         In his motion for new trial, Barbosa asserted that counsel was ineffective by not
ensuring the attendance of his alibi witness. We again note that a motion for new trial
is a prerequisite to presenting an issue on appeal where it is necessary to adduce facts
not in the record. Tex. R. App. P. 21.2; Melancon v. State, 66 S.W.3d 375, 378 (Tex.
App.–Houston [14th Dist.] 2001, pet. ref'd). Barbosa did not call trial counsel to
testify at the hearing on the motion for new trial. On appeal, he relies on his mother
and sister's affidavits. However, a review of the affidavits shows that Barbosa's
mother was unable to provide him an alibi for the precise time of the robbery. Further,
another person had given the authorities a completely different alibi. We hold that
Barbosa did not meet his burden of showing a reasonable probability that the result of
the proceeding would have been different if trial counsel had secured Barbosa's
mother's attendance and testimony at trial. See McFarland, 845 S.W.2d at 842. 
2. The Jury Argument Issue
         At the hearing on his motion for new trial, Barbosa did not present evidence to
support his complaint of failure to object to jury argument as constituting ineffective
assistance of counsel. He argues that the prosecutor's argument encouraged the jury
to find him guilty out of concern that Guerrero would be harmed if they did not. He
points to two statements by the prosecutor in closing argument:
Before he left, he says, if I saw any police officers I'm going to come
back and kill you.
 
Of course, she does work in Hidalgo and if he's found not guilty and he's
released, then, of course, he might come back.

         There are four permissible areas of jury argument: (1) summation of the
evidence presented at trial; (2) reasonable deduction from the evidence; (3) answer to
opposing counsel's argument; or (4) plea for law enforcement. Felder v. State,
848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992). "Counsel is allowed wide latitude
without limitation in drawing inferences from the evidence so long as the inferences
drawn are reasonable, fair, legitimate, and offered in good faith." Gaddis v. State,
753 S.W.2d 396, 398 (Tex. Crim. App. 1988). "The jury argument must be extreme
or manifestly improper or inject new and harmful facts into evidence to constitute
reversible error." Id. 
         Guerrero testified that Barbosa warned her he would come back and kill her if
he saw any police officers when he left. We conclude that the State's argument on
this topic reasonably could be construed as a fair summary of the evidence. See id. 
In any event, Barbosa did not develop any record of trial counsel's strategy in not
objecting to the argument. We decline to speculate. See Garcia, 57 S.W.3d at 440. 
We hold that Barbosa did not meet his burden of showing that his trial counsel's
performance fell below an objective standard of reasonableness, based on prevailing
professional norms. See McFarland, 845 S.W.2d at 842. 
         Without a record of trial counsel's overall performance and strategic decisions,
we cannot determine if counsel's performance was objectively deficient or if it created
an unnecessarily disadvantageous result.


 See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). Barbosa has not rebutted the presumption he was
adequately represented. See id. We overrule Barbosa's third and seventh issues. 
VI. CONCLUSION
         We have overruled each of Barbosa's seven issues on appeal. We affirm the
judgment and sentence of the trial court.  
                                                      ERRLINDA CASTILLO
                                                      Justice
Do Not Publish
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 27th day of August, 2004.