COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ARMANDO PINEDO,                                     )                  No. 08-04-00141-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D02291) 

O P I N I O N

            Armando Pinedo appeals his conviction of burglary of habitation with intent to commit
sexual assault. Appellant was found guilty by a jury and sentenced by the court to twelve years
in the Texas Department of Corrections Institutional Division. We affirm.
FACTUAL SUMMARY
            On February 21, 2003, Espiranza Aguirre returned home around 10 p.m. She found
Appellant sitting in his car which was parked in her front yard. Appellant was acquainted with
Mrs. Aguirre’s husband and he wanted to know whether Mr. Aguirre was home. Mrs. Aguirre
told him that her husband was out of town. She asked Appellant to move his car and told him
she did not want him to be in her yard. Appellant moved his car and parked on the street. 
            The next morning around 9:15 a.m., Mrs. Aguirre was taking a shower when she heard 
noises in the living room. Mrs. Aguirre thought it was her husband returning home early and
called out to him. Hearing no answer, she became alarmed. She opened the sliding glass door
and found Appellant coming into the bathroom. 
            Appellant was wearing denim pants and tennis shoes but he was not wearing a shirt. Mrs.
Aguirre asked why he was there and told him to leave. Appellant motioned for her to calm
down. As Appellant came towards her, Mrs. Aguirre got out of the shower and pushed Appellant
out of the way. She grabbed the telephone which she had placed on the toilet next to the shower
and ran into the hallway. Appellant chased her and tried to grab and bite her breasts. He told her
he wanted to be with her, that she should let him suck her all over, that it had been a long time
since he had had sex, and that he was going to make her a woman. Appellant was also trying to
unbutton his pants.     Mrs. Aguirre ran into the kitchen where she picked up some clothes she
had left out to iron. She put on the clothing and then ran outside through the kitchen door. She
ran barefoot to her neighbor’s house and with the phone in her hand, she dialed 911. 
            Appellant brings two issues for our review. In Point of Error One, he contends the trial
court erred in failing to grant a directed verdict because the evidence was legally and factually
insufficient to support the conviction. In Point of Error Two, he complains that the trial court
erred in failing to grant a continuance of the sentencing phase because his wife was unable to
testify. 
SUFFICIENCY OF THE EVIDENCE
            We begin with the caveat that we may only consider Appellant’s legal sufficiency
challenge. This is true for two reasons. First, a claim that the trial court erred in granting a
directed verdict is a claim that the evidence is legally insufficient. A directed verdict may not be
granted on the basis of factual insufficiency. Williams v. State, 937 S.W.2d 479, 482
(Tex.Crim.App. 1996)(“We treat a point of error complaining about a trial court’s failure to grant
a motion for directed verdict as a challenge to the legal sufficiency of the evidence.”). Secondly,
Appellant has improperly briefed the issue. He has not addressed the factual sufficiency standard
of review, he has not argued how the evidence is factually insufficient, and he asks only that we
reverse and remand with instructions that the trial court enter a judgment of acquittal. McDuff v.
State, 939 S.W.2d 607, 613 (Tex.Crim.App. 1997)(point of error insufficiently briefed where
appellant generally discussed points of error but did not propose a standard of review or
specifically argue how the evidence was insufficient); Clewis v. State, 992 S.W.2d 126, 133-134
(Tex.Crim.App. 1996)(rendering judgment of acquittal is the appropriate remedy when a legal
sufficiency claim is sustained). For these reasons, we overrule his factual sufficiency complaint.
Standard of Review
            In reviewing the legal sufficiency of Appellant’s conviction, we must view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); Johnson v. State 23
S.W.3d 1, 7 (Tex.Crim.App. 2000). The standard of review is the same for convictions based on
direct or circumstantial evidence. Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).
Because the trier of fact is in the best position to review the evidence first hand we must give due
deference to the trier of facts determinations regarding the weight and credibility of the evidence. 
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991), citing Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988); Johnson, 23 S.W.3d at 9; Tex.CodeCrim.Proc.Ann.
art. § 38.04 (Vernon 1979 & Supp. 2004). Any inconsistencies in the evidence will be resolved
in favor of the verdict. Matson, 819 S.W.2d at 843.
Elements of the Offense
            Appellant was indicted for burglary of habitation with the intent to commit a sexual
assault. In order to convict, the State had to prove: (1) Appellant intentionally and knowingly,
(2) without the effective consent of the owner, (3) entered a habitation, (4) with the intent to
commit the felony of sexual assault. Tex.Pen.Code Ann. § 30.02 (a)(1)(Vernon 2003). 
Appellant complains the evidence is legally insufficient to show (1) that he lacked consent to
enter the Aguirre home, and (2) that he had the requisite intent to commit a sexual assault.
Consent
            Appellant argues he was regularly welcomed into the Aguirre home and he was unaware
he did not have consent to enter the property. He contends that even though Mrs. Aguirre did not
give him permission to come inside, Mr. Aguirre had regularly allowed Appellant to stay at the
home. Because the Aguirres only had one bathroom, Appellant suggests one could reasonably
infer that he had permission to use the bathroom whenever Mr. Aguirre allowed him to spend the
night. 
            Contrary to Appellant’s assertions, both Mr. and Mrs. Aguirre testified they did not give
Appellant permission to enter their home. Testimony from homeowners is direct evidence a
defendant did not have consent to enter. Chavez v. State, 479 S.W.2d 687, 688-89
(Tex.Crim.App. 1972)(testimony from victim that he did not give consent for anyone to break
into and enter his motor vehicle was direct evidence); Hernandez v. State, 804 S.W.2d 168, 169
(Tex.App.--Houston [14th Dist.] 1991, pet. ref’d)(testimony from victim is direct evidence she
did not consent to sexual assault). The testimony also established that Appellant’s access to the
Aguirre household was limited to the garage, where Mr. Aguirre allowed him to sleep when he
(Appellant) was drunk. There were only one or two occasions when Mr. Aguirre escorted
Appellant into his house in order to have a cup of coffee. Mr. Aguirre also testified he told
Appellant not to visit when he was not there. 
            Bearing in mind that we must view the evidence in a light most favorable to the
judgment, we conclude the evidence was legally sufficient to prove Appellant did not have
consent to enter the Aguirre household on February 22, 2003. Goodman v. State, 66 S.W.3d 283,
286 (Tex.Crim.App. 2001)(direct evidence of “X” fact is always legally sufficient to support a
finding of “X” fact). 
Intent
            Appellant also complains the evidence was legally insufficient to prove he entered the
Aguirre home with the intent to commit a sexual assault. Appellant argues that he did not
actually touch Mrs. Aguirre, he did not use a weapon, he did not attempt to disguise himself , and
he merely was asking Mrs. Aguirre have sex with him. 
            The jury, as the factfinder, was empowered to determine the issue of intent. Moreno v.
State, 702 S.W.2d 636, 641 (Tex.Crim.App. 1986). The jury could have inferred Appellant
possessed the requisite intent from either his words, acts, or conduct and the surrounding
circumstances. Guevara v. State, 152 S.W.3d 45, 49-50 (Tex.Crim.App. 2004); DeLeon v. State,
77 S.W.3d 300, 312 (Tex.App.--Austin 2001, pet. ref’d); Sharpe v. State, 881 S.W.2d 487, 489
(Tex.App.--El Paso 1994, no pet.). Because it is difficult to prove by direct evidence what a
defendant intended at the time of the crime, a jury may base its inferences on circumstantial
evidence. Guevara, 152 S.W.3d at 49-50; Avila v. State, 15 S.W.3d 568, 573 (Tex.App.--Houston [14 Dist.] 2000, no pet.); Puente v. State, 888 S.W.2d 521, 527 (Tex.App.--San Antonio
1994, no pet.). The testimony established that Appellant approached Mrs. Aguirre while she was
naked in the shower. Once Mrs. Aguirre saw Appellant, she told him to leave. Appellant then
came towards her and chased her as she ran out of the bathroom. While running after her,
Appellant made sexual comments, tried to grab and bite her breasts, and tried to unbutton his
pants.
            The credibility of Mrs. Aguirre’s testimony was left to the determination of the jury.
Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). The jury could have reasonably
inferred from Appellant’s words, actions, conduct, and the surrounding circumstances that he
intended to sexually assault Mrs. Aguirre. In viewing the evidence in the light most favorable to
the verdict, we conclude a rational trier of fact could have found Appellant was guilty of the
charged offense. Point of Error One is overruled. 
MOTION FOR CONTINUANCE
            In Point of Error Two, Appellant contends his motion for continuance should have been
granted so that his wife could testify on his behalf. Before the punishment hearing began,
defense counsel orally requested a continuance. He had tried to reach Appellant’s wife the day
before, but she would not return his phone calls. On the day of the hearing, counsel reached her
by phone and she told him she would be unable to attend because her employer said that if she
missed any more work, she would be fired. She provided the sole income for the family and
could not afford to be fired. Counsel asked for a continuance so the witness could either testify
late in the afternoon after she finished work or by telephone. The prosecutor suggested that the
State proceed with its evidence and then begin at 1 p.m. with the defense witnesses. While this
was acceptable to the court, defense counsel explained that the witness would not be able to
attend until 2 or 3 p.m. The court asked whether the witness had a lunch hour, but counsel
explained that her lunch hour had already passed. At this point, the court denied the motion and
proceeded with the sentencing hearing. After the State rested, defense counsel re-urged his
motion and explained that the witness’s testimony was needed to assist the court in determining
whether Appellant had a drinking problem. Once again, the trial court denied the motion.
Preservation of Error
            A motion for continuance must be sworn and in writing. Tex.Code Crim.Proc.Ann.
arts. 29.03, 29.08 (Vernon 1989); Dewberry v. State, 4 S.W.3d 735, 755 (Tex.Crim.App. 1999). 
Appellant’s motion was not in writing nor was it sworn to by a person with personal knowledge
of the facts. Tex.Code Crim.Proc.Ann. arts. 29.03, 29.08; Dewberry, 4 S.W.3d at 755 (a
motion for continuance not in writing or sworn to preserves nothing for review). Appellant has
failed to preserve error.
Due Diligence
            We review the denial of a motion for continuance under the abuse of discretion standard. 
Vasquez v. State, 67 S.W.3d 229, 240 (Tex.Crim.App. 2002). A trial court abuses its discretion
if the defendant can establish he was prejudiced by the denial of the motion. Id. A trial court
does not abuse its discretion where a defendant has failed to exercise due diligence. Ramirez v.
State, 842 S.W.2d 796, 799-800 (Tex.App.--El Paso 1992, no pet.).
            Even if Appellant had complied with the procedural requirements, he has not established
that he acted with due diligence in securing his wife’s presence in court. He has not explained
why a subpoena was not prepared the day before when Appellant’s wife did not return telephone
calls, nor has he discussed whether a subpoena would have resolved the employer’s reticence
about an employee missing work. Ramirez, 842 S.W.2d at 800 (defendant did not exercise due
diligence because he failed to apply for service of process for witness who was anticipated to
testify). We 

overrule Point of Error Two. Having overruled both points of error, we affirm the judgment of
the trial court.

November 30, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)